## UNLIMITED AUTHORITY IN THE LEGISLATURE WITH REFERENCE TO MECHANICS' LIENS.

Court of Appeals for Fairfield County.

The West Side Lumber & Manufacturing Company v. The Lancaster Paper Mill Company et al.

Decided, 1916.

*Mechanic's Liens—Construction of the Act of 1913—Lien Attaches, When—Priority—Mortgage Postponed to Mechanic's Lien, When.*

1. Section 33 of Article II of the Constitution gives to the Legislature unlimited power to legislate with reference to mechanic's liens, and the only duty of the courts is to construe enactments pertaining to such liens.

2. Under the act of April, 1913, a mechanic's lien attaches from the date of the first item secured thereby, but where there are several liens payable to different persons on the same job there is no priority between them.

3. The conflict between Section 8542, General Code, and Sub-section 2 of Section 12 of the act of April 1913, must be resolved by giving effect to the later act, which gives priority to mechanic's liens over a mortgage recorded after the commencement of the improvement to which the mortgage and liens attach.

*M. A. Daugherty,* for plaintiff.

*C. W. & J. W. McCleery, W. K. Martin* and *Brooks E. Shell,* for other mechanic's lienholders.

*L. G. Silbaugh,* for John L. Graham, trustee for the mortgage bondholders.

POWELL, J.

The question for adjudication in this case arises between the several holders of mechanic's liens and a bondholder's mortgage as to the proper distribution of the proceeds of the sale of the property of the defendant, the Lancaster Paper Mill Company.

The amount for distribution is the sum of $11,823.64. The costs and preferred labor claims have been paid.

The liens in the order of the dates of their attachment with interest to August 3, 1915, are as follows:

1. Plaintiff's mechanic's lien of date June 15, 1914, in the sum of $471.

2. John L. Graham, trustee for the mortgage bondholders, July 24, 1914, $28,999.

3. The mechanic's liens of the other defendants in error are of a date subsequent to July 24, 1914, and aggregate $2,819.55.

The exact dates and amounts of all liens are agreed upon by the parties and appear in the finding of facts entered in the final decree of the court of common pleas. The facts are sufficiently stated in this opinion to show the controversy in the case. The construction of the mechanic's lien law as it existed from June 15, 1914, to January, 1915, is involved.

There is a constitutional provision relative to the mechanic's lien laws that has some bearing on the case. It is as follows:

"Section 33. Laws may be passed to secure mechanics, artisans, laborers, sub-contractors and material-men, their just dues by direct lien upon the property; upon which they have bestowed labor or for which they have furnished material. No other provision of the Constitution shall impair or limit this power." Constitution, Article II, Section 33.

The bearing that this provision has on the case under discussion lies in the unlimited power given to the Legislature to legislate upon the subject of mechanic's liens. It may pass any kind of bill that it chooses and the same will not be unconstitutional. There is no room for it to be unconstitutional. Courts have only to ascertain what the enactment says and the same becomes clear at once.

Pursuant to the provisions of the Constitution a bill was passed April 16, 1913, providing for mechanic's liens and the order of their priority. 103 O. L., 369.

Section 12 of this enactment is the particular part of the same we are called upon to construe. This section is as follows:

"Section 12. The several liens herein provided for shall be liens from the date the first labor was performed, or the first machinery, materials, or fuel, was furnished by the contractor under the original contract, and shall continue for six years after said affidavit is filed in the office of the county recorder. If the action be brought to enforce such lien within that time, it shall continue in force until final adjudication thereof, and such liens shall take priority as follows:

"First. If several liens be obtained by several persons upon the same job, in the manner hereinbefore prescribed, they shall have no priority among themselves, except that liens filed by persons performing manual labor shall have priority to the extent of the labor performed during the thirty days immediately preceding the date of the performance of the last labor.

"Second. They shall be preferred to all other titles, liens or incumbrances, which may attach to or upon such construction, excavation, machinery, or improvements, or to, or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said construction, excavation, or improvement."

It seems to us clear:

1. That mechanic's liens attach from the date of the first items of the account secured thereby.

2. That when there are several liens due several persons "upon the same job" they shall have no priority among themselves; and

3. That they shall be preferred to all other titles, liens or incumbrances which may attach to, or upon, the land upon which the improvement liable for the payment of such liens is situated, given or recorded subsequent to the commencement of said improvement.

Applying these rules of law to the case under consideration, what is the result reached?

1. · Plaintiff's mechanic's lien is first in time and consequently first in right and should be first paid out of the funds for distribution.

2. The mortgage to John L. Graham, trustee, filed July 24, 1914, is second in the order of time, and therefore under the former mechanic's lien laws, would be second in the order of priority. Section 8542, General Code.

This section, however, is in conflict with subsection 2 of Section 12 of the act of April 16, 1913, in the order of preferences. In such cases, where two statutes are inconsistent, or in conflict, the provisions of the statute last enacted must prevail. This would postpone the mortgage to the third place in the order of priority, as the several other mechanic's liens on the "same job" due to several persons are without priority among themselves, and must be preferred to an incumbrance given or recorded after the commencement of the improvement upon .which such mortgage and liens attach.

3. All the other mechanic's liens are subsequent in point of time to the mortgage, but having no priority among themselves, and being entitled to preference over the mortgage, they rank second in the order of their priority and payment. It is not necessary to determine whether the lien of plaintiff is of the same priority with the other mechanic's liens taken subsequent to the mortgage, as there is a sufficient amount for distribution to pay all of the mechanic's liens in full.

It follows that the judgment of the court of common pleas must be reversed.

And the court proceeding to render the judgment that the court of common pleas should have rendered, orders and adjudges that all of the mechanic's or material-men's liens shall be first paid out of the funds applicable to such payment, and that the residue of such funds then remaining shall be paid to the defendant, John L. Graham, trustee, to apply on the mortgage indebtedness.

SHIELDS, J., and· HOUCK, J., concur.